## ANNA PANTALUK
*vs.*
## EARLE CLIFFORD

Superior Court      Hartford County      File No. 68997

MEMORANDUM FILED MAY 4, 1944.

*Butler, Howard, Volpe & Garrity,* of Hartford, for the Plaintiff.

*Farrell J. LeRoy,* and *Edwin M. Ryan,* both of Hartford, for the Defendant.

MELLITZ, J. The plaintiff brought this action to the March term, 1943, to recover damages for injuries which she alleges she sustained when a temporary sign belonging to the defendant, and theretofore attached to the building over the entrance to the defendant's store, became detached and fell upon the plaintiff while she was standing on the sidewalk in

front of the defendant's store. An answer was filed May 1, 1943, and the cause immediately claimed for the jury docket. The defendant enlisted in the United States Army on December 28, 1943, and is presently stationed at Camp Shelby, Mississippi.

Defendant's counsel have filed on his behalf an application that the proceedings be stayed under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. At the hearing on the application, it appeared that there is insurance to cover the defendant's alleged liability. The plaintiff has expressly waived claim to any judgment in excess of the amount of such insurance coverage. It is conceded that the defendant's deposition may readily be taken. The defendant was not present when the accident happened. It is proposed by the defense to etsablish through the defendant that he personally ordered and supervised the erection of the sign.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, §521) provides that actions brought against a person in military service shall be stayed upon application of that person "unless, in the opinion of the court, the ability of....the defendant to conduct his defense is not materially affected by reason of his military service."

The Act is not to be construed as requiring a stay on the mere showing that the defendant is in military service. Discretion is vested in the trial court to grant a stay if prejudice may result from the defendant's absence. Each case turns on its own facts. *Boone vs. Lightner,* 319 U.S. 561. Section 201 of the Act was intended solely for the benefit of those in the armed services, and is inapplicable unless it is made to appear that the rights of a person in service will be prejudiced. *Royster vs. Lederle,* 128 F. (2d) 197; *Johnson vs. Johnson,* 59 Cal. App. (2d) 375, 139 Pac. (2d) 33. The fact that the defendant is insured is an element to be considered by the court in exercising its discretion. *Richey & Gilbert Co. vs. Northwestern Natural Gas Corp.,* 16 Wash. (2d) 631, 134 Pac. (2d) 444; *Royster vs. Lederle, supra; Johnson vs. Johnson, supra.*

The Act is to be liberally construed to effectuate its purposes, and the discretion vested in trial courts is not to be withheld on nice calculations. *Boone vs. Lightner, supra.* Nevertheless, unless it fairly appears that the rights of a

person in military service are to be materially affected, a plaintiff should not be compelled to wait until after the war to enforce his cause and suffer the hazards which a long delay may entail.

Here it is clear that the defendant is only the formal defendant. The real defendant is his insurer. The defense is represented by able counsel. For many months prior to his entering the service the defendant was available for consultation with counsel; and he conferred with and assisted counsel in the preparation of the defense. He is now stationed at Jackson, Mississippi, where his deposition may be taken. He was not present when the sign fell and whatever light he may be able to shed on the circumstances relating to the erection and maintenance of the sign may be presented as fully by means of a deposition as by testimony given by him in person in court.

It is concluded that under the circumstances here disclosed the interests of the defendant will not be prejudiced by a trial during his absence nor will the conduct of his defense be materially affected by reason of his military service.

The cause is assigned for trial specially on June 13, 1944, affording ample opportunity for the taking of the deposition of the defendant for use at the trial.